UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LPS AGENCY SALES AND POSTING, INC. | : : | |
| Plaintiff | : : : | |
| v. | : : | C.A. No. 12-cv-11470 |
| ABLITT SCOFIELD, a PROFESSIONAL CORPORATION, and STEVEN A. ABLITT | : : : : | |
| Defendants | : | |

# **COMPLAINT**

Plaintiff, LPS AGENCY SALES AND POSTING, INC., ("LPS AGENCY SALES") files this Complaint and alleges as follows:

Parties

1. LPS AGENCY SALES is a California corporation with its principal place of business in Irvine, California.

2. ABLITT SCOFIELD, a Professional Corporation, ("ABLITT SCOFIELD") is a Rhode Island professional corporation with its principal place of business in Woburn, Massachusetts.

3. STEVEN A. ABLITT ("STEVEN ABLITT") is President of ABLITT SCOFIELD and, on information and belief, is domiciled in and a resident of Massachusetts.

Jurisdiction

4. This Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 as LPS AGENCY SALES, as Plaintiff, and ABLITT SCOFIELD and STEVEN ABLITT, as Defendants, are citizens of different states and as the matter in

controversy seeks a sum or value over $75,000 exclusive of interest and costs.

## Venue

5. Venue lies in this District under 28 U.S.C. § 1391(c).

**Count One**
(Against ABLITT SCOFIELD on Promissory Note)

6. The foregoing paragraphs 1 through 5 are realleged and made a part of this Count as if set forth in full.

7. On or about October 7, 2011, ABLITT SCOFIELD executed a Promissory Note in the principal amount of $ 2,295,855.04 payable to LPS AGENCY SALES (the "Promissory Note"). A copy of the Promissory Note is attached as **Exhibit A** and incorporated here.

8. The Promissory Note provided that ABLITT SCOFIELD would make the following payments to LPS AGENCY SALES:

> Eight (8) consecutive monthly instalments [sic] of $30,000 commencing on October 10, 2011 and continuing up to and including May 10, 2012;
>
> Eight (8) consecutive monthly instalments [sic] of $70,000 commencing on June 10, 2012 and continuing up to and including January 10, 2013;
>
> Sixteen (16) consecutive monthly instalments [sic] of $100,000 commencing on February 10, 2013 and continuing up to and including May 10, 2014; and
>
> One (1) monthly instalments [sic] of $52,632.84 due on or before June 10, 2014,

(collectively, the "Installment Payments".)

9. The Promissory Note further provided that ABLITT SCOFIELD would pay LPS AGENCY SALES

> on or before October 31, 2011, all sums and charges generated and invoiced between March 31, 2011 and September 30, 2011, and
>
> all future [LPS Agency Sales] invoices within 30 days of the date of the invoice, beginning with the October 2011 invoice and continuing until all sums due and owing under this Promissory Note are paid in full,

(collectively, the "Invoice Payments".)

10. ABLITT SCOFIELD made the first five scheduled Installment Payments to LPS AGENCY SALES of $30,000.00 each on the Promissory Note, that is, the payments due October 10, 2011; November 10, 2011; December 10, 2011; January 10, 2012 and February 10, 2012.

11. ABLITT SCOFIELD made no Installment Payments to LPS AGENCY SALES on the Promissory Note after the Installment Payment that was due February 10, 2012.

12. ABLITT SCOFIELD has defaulted on its obligations under the Promissory Note by failing to make any of the Installment Payments due on the Promissory Note after the February 10, 2012 payment.

13. ABLITT SCOFIELD has defaulted on its obligations under the Promissory Note by failing to make required Invoice Payments.

14. The Promissory Note further provides that

> If the Borrower defaults in the payment of this Note or in the performance of any obligation set for the herein, Noteholder may declare the unpaid balance, earned interest and any other amounts owed immediately due. Borrower and any surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest and notice of protest, to the extent permitted by law.

15. Through July 10, 2012, unpaid interest totaling $ 35,496.27 has accrued and has been added to the outstanding principal balance of the Promissory Note.

16. Interest continues to accrue against the principal balance of the Promissory Note at the rate as provided under the Promissory Note.

WHEREFORE, Plaintiff LPS AGENCY SALES AND POSTING, INC. demands judgment against Defendant ABLITT SCOFIELD, a Professional Corporation, in the amount of $ 2,183,371.90 in principal, plus $ 35,496.27 in interest as of July 10, 2012, further accruing

interest until paid in full, as well as attorneys' fees, statutory interest and costs, and such other relief as the Court deems just.

## Count Two
(Against ABLITT SCOFIELD for Account Stated)

17. The foregoing paragraphs 1 through 16 are realleged and made a part of this Count as if set forth in full.

18. During the period from on or about March 2, 2010 to on or about April 12, 2012, LPS AGENCY SALES rendered services and advanced monies to ABLITT SCOFIELD directly or on its behalf.

19. LPS AGENCY SALES rendered invoices to ABLITT SCOFIELD for those services rendered and monies advanced, and some of those invoices have not been paid. ABLITT SCOFIELD did not object to the invoices that were rendered and not paid.

20. Summaries of the invoices rendered to ABLITT SCOFIELD are attached as **Exhibit B** (collectively, the "Account") and incorporated here.

21. ABLITT SCOFIELD owes LPS AGENCY SALES a portion of the amounts stated in the Account, that is, not less than $ 3,101,357.30, together with statutory interest for all liquidated amounts.

WHEREFORE, Plaintiff LPS AGENCY SALES AND POSTING, INC. demands judgment against Defendant ABLITT SCOFIELD, a Professional Corporation, in the amount of not less than $ 3,101,357.30 for services rendered and monies advanced that is due on the Account, together with statutory interest, costs and such other relief as the Court deems just and proper.

## Count Three
(Against ABLITT SCOFIELD for Breach of Contract)

22. The foregoing paragraphs 1 through 21 are realleged and made a part of this Count as if set forth in full.

23. ABLITT SCOFIELD agreed to pay LPS AGENCY SALES for services LPS AGENCY SALES rendered and invoiced to ABLITT SCOFIELD, that is, ABLITT SCOFIELD requested LPS AGENCY SALES to provide services and advance monies to ABLITT SCOFIELD directly or on its behalf and agreed to repay LPS AGENCY SALES for the services provided and the monies advanced.

24. Pursuant to ABLITT SCOFIELD's requests, during the period from on or about March 2, 2010 to on or about April 12, 2012, LPS AGENCY SALES provided services and advanced monies to ABLITT SCOFIELD directly or on its behalf.

25. ABLITT SCOFIELD breached its agreement to pay for the invoiced amounts due, which unpaid invoices total not less than $ 3,101,357.30.

26. ABLITT SCOFIELD owes LPS AGENCY SALES not less than $ 3,101,357.30.

27. As a direct and proximate result of ABLITT SCOFIELD's breach, LPS AGENCY SALES has been damaged.

WHEREFORE, Plaintiff LPS AGENCY SALES AND POSTING, INC. demands judgment against Defendant ABLITT SCOFIELD, a Professional Corporation, in the amount of not less than $ 3,101,357.30, together with statutory interest, costs and such other relief as the Court deems just and proper.

**Count Four**
(Against ABLITT SCOFIELD for Unjust Enrichment)

28. The foregoing paragraphs 1 through 27 are realleged and made a part of this Count as if set forth in full.

29. LPS AGENCY SALES conferred benefits upon ABLITT SCOFIELD, that is it provided services and advanced monies to ABLITT SCOFIELD directly or to others on behalf of ABLITT SCOFIELD, which services and monies were valued at more than $ 3,101,357.30.

30. ABLITT SCOFIELD received the benefits from the more than $ 3,101,357.30 in services and monies that LPS AGENCY SALES advanced to ABLITT SCOFIELD directly or to others on its behalf.

31. It would be inequitable for ABLITT SCOFIELD to retain the benefits it received from the more than $ 3,101,357.30 in services and monies that LPS AGENCY SALES advanced to ABLITT SCOFIELD directly or to others on its behalf without repaying LPS AGENCY SALES for the services and monies so advanced.

WHEREFORE, Plaintiff LPS AGENCY SALES AND POSTING, INC. demands judgment against Defendant ABLITT SCOFIELD, a Professional Corporation, in the amount of not less than $ 3,101,357.30, together with statutory interest, costs and such other relief as the Court deems just and proper.

**Count Five**
(Against STEVEN A. ABLITT on Personal Guaranty)

32. The foregoing paragraphs 1 through 31 are realleged and made a part of this Count as if set forth in full.

33. On or about February 2, 2012, STEVEN ABLITT executed a Personal Guaranty Agreement (the "Guaranty") in favor of LPS AGENCY SALES. A true copy of the Guaranty is

attached as **Exhibit C** and incorporated here.

34.     As provided in the Guaranty, STEVEN ABLITT unconditionally guaranteed the full and prompt payment to LPS AGENCY SALES of all sums invoiced by LPS AGENCY SALES to ABLITT SCOFIELD for services rendered by LPS AGENCY SALES to ABLITT SCOFIELD after August 1, 2011 and for any services thereafter rendered by LPS AGENCY SALES to ABLITT SCOFIELD.

35.     Further, STEVEN ABLITT agreed that his liability as guarantor would be an "absolute, direct, immediate and unconditional guaranty of payment and not of collectability . . . ."

36.     LPS AGENCY SALES has invoiced ABLITT SCOFIELD for services it rendered to ABLITT SCOFIELD after August 1, 2011, in an amount not less than $ 917,985.40, which invoices remain unpaid despite demand for payment.

37.     LPS AGENCY SALES has retained counsel to represent it in collecting the amounts due, and it is entitled to recover reasonable attorneys' fees, charges expenses and all other costs that may be incurred in the enforcement of the Guaranty pursuant to its terms. In addition, LPS AGENCY SALES is entitled to recover all statutory interest and other allowable costs of the prosecution of this action.

WHEREFORE, Plaintiff LPS AGENCY SALES AND POSTING, INC. demands judgment against Defendant STEVEN A. ABLITT pursuant to the Personal Guaranty Agreement in the amount of not less than $ 917,985.40, attorneys' fees, statutory interest, costs, and such other relief as the Court deems just.

Respectfully submitted,

Plaintiff,

**LPS AGENCY SALES AND POSTING, INC.,**

By its attorneys,

*/s/ Edward A. Gottlieb*
Edward A. Gottlieb (BBO # 204900)
E-mail: Ed@GottliebEsq.com
Giles L. Krill (BBO # 647528)
E-mail: Giles@GottliebEsq.com
LAW OFFICES OF EDWARD A. GOTTLIEB
309 Washington Street
Brighton, MA 02135
T: 617-789-5678
F: 617-789-4788

Dated: August 8, 2012

F:\Data\clients\LEGAL\11700002\Complaint-Ablitt (FINAL).docx